IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LARRY NORMAN HAYNES AND )
DENISE HAYNES, )
)
Plaintiffs, )
)
vs. )     Civil Action No. CV-06-____
)
MARIA SARSFIELD, an )
individual; Fictitious )
Defendant A thereby intending )
to refer to the individual )
who is the owner and/or )
operator of the vehicle )
that collided with the )
Plaintiff on the occasion )
described in the Complaint )
and made the basis of this )
lawsuit whose negligence )
and/or wanton conduct )
caused Plaintiff's damages; )
Fictitious Defendants B, C, )
and D, thereby intending to )
refer to the legal entity, )
person, firm or corporation )
for whose benefit Defendant, )
MARIA SARSFIELD, was )
acting on the occasion made )
the basis of this lawsuit )
whose negligence and/or )
wanton conduct caused )
Plaintiff's damages; )
Fictitious Defendants E, F, )
and G, thereby intending )
to refer to the legal )
entity, person, firm or )
corporation responsible for )
the state of repair of )
the vehicle occupied by the )
Defendant, MARIA SARSFIELD )
on the occasion described in )
the Complaint made the basis )
of this lawsuit whose )
negligence and/or wanton )
conduct caused the )
Plaintiff's damages; )
Fictitious Defendants H, I, )

FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY
2006 JUN 27 PM 12:33



EXHIBIT

A

and J, thereby intending to )
refer to the legal entity, )
person, firm or corporation )
who negligently and/or )
wantonly entrusted the )
defendant driver with )
possession of their vehicle )
on the occasion described in )
the Complaint; Fictitious )
Defendants K, L and M, )
thereby intending to refer )
to the legal entity, person, )
firm or corporation who )
negligently and/or wantonly )
caused, contributed to cause )
and/or allowed the accident )
to occur on or about )
September 8, 2004, causing )
the Plaintiff's damages set )
forth herein; all of which )
are unknown to the Plaintiff, )
but will be added by )
amendment when ascertained, )
                              )
        Defendants.           )

---

## COMPLAINT

COMES NOW the Plaintiff and for his Complaint against the

Defendant states as follows:

1.    Plaintiff, **Larry Norman Haynes**, is over the age of

      nineteen (19) years and is a resident of the city of

      Attalla in Etowah County, Alabama.

2.    Plaintiff, **Denise Haynes**, is over the age of nineteen

      (19) years and is a resident of the city of Attalla in

      Etowah County, Alabama.

3.    Defendant, **Maria Sarsfield**, is over the age of

nineteen (19) years and a resident of the city of
Temple Terrace in Hillsborough County, Florida.

4.  Fictitious Defendants, A, B, C, D, E, F, G, H, I, J, K,
    L, and M are those individuals, entities, corporations,
    or partnerships who are unknown at this time, but will
    be added by amendment when ascertained.[1]

5.  Plaintiffs aver that on or about September 8, 2004,
    Plaintiff, Larry Norman Haynes, was lawfully operating
    his vehicle traveling on northbound on U.S. Highway
    231, at the intersection of Trotman Road and U.S. 82
    when the Defendant entered the path of the Plaintiff on
    the northbound lane of U.S. Highway 231 in Montgomery
    County, Alabama, when at said time and place the
    vehicle owned and driven by Defendant crashed into,
    upon, and against the vehicle driven by the Plaintiff.

6.  As a proximate consequence of the aforesaid negligence
    and/or wantonness on the part of Defendant, Plaintiff,
    Larry Norman Haynes, was injured and damaged including,
    but not limited to, the following:

    A.  Plaintiff suffered permanent injuries, including
        injuries to his back; he was bruised and contused
        and make sick and sore;

---

[1] Hereafter, any referral to Defendants will be to all
Defendants, named and fictitious.

B.   Plaintiff was caused to seek medical attention in and about his efforts to heal and cure his injuries and will be caused to seek additional medical attention in the future;

C.   Plaintiff was caused to incur medical bills, hospital bills, and prescription expenses in and about his efforts to heal and cure his injuries and he will be caused to incur additional bills in the future;

D.   Plaintiff was caused to suffer physical pain and discomfort;

E.   Plaintiff was caused to suffer mental anguish, distress and embarrassment;

F.   Plaintiff has been caused to lose the ability to perform those activities of a man his same age and will continue to do so in the future.

7.   Plaintiffs aver that the Plaintiff, Denise Haynes, is the wife of Plaintiff, Larry Norman Haynes, and because of the injuries and damages to her husband, she has lost the care, comfort and society of said husband.

8.   Plaintiffs further aver that the aforesaid injuries and damages were proximately caused by the following culpable acts of the Defendant in that Defendant was negligent and wanton in the operation of a motor vehicle on the

occasion of the incident made the basis of this suit.

## COUNT ONE
### (NEGLIGENCE/WANTONNESS)

9.  Plaintiffs adopt and re-allege all paragraphs contained in this Complaint as if set forth fully herein.

10. The Defendant was under a duty to drive her vehicle in a safe manner and to follow the rules of the road. The Defendant breached that duty when she failed to operate said vehicle safely and allowed her vehicle to collide with a vehicle driven by the Plaintiff, Larry Norman Haynes.

11. As a direct and proximate result of said negligence, the Plaintiff, Larry Norman Haynes, has suffered extensive damages, including, but not limited to, property damage, lost wages, medical bills, pain and suffering, and permanent injuries.

12. The Defendant has acted recklessly and in complete disregard for the health, safety, and welfare of the Plaintiff, Larry Norman Haynes.

13. As a direct and proximate result of said wantonness and recklessness, the Plaintiffs have suffered extensive damages, including, but not limited to, property, lost wages, medical bills, pain and suffering, and permanent injuries.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand

compensatory and punitive damages against the Defendant in an amount to be determined by the trier-of-fact, including interest, costs, attorney fees, and any such other and further relief this Court deems appropriate.

## COUNT TWO
### (LOSS OF CONSORTIUM)

14. Plaintiffs adopt and re-allege all paragraphs contained in this Complaint as if set forth fully herein.

15. Plaintiff, Denise Haynes, is the wife of Plaintiff, Larry Norman Haynes, and because of the injuries and damages to her husband, she has lost the care, comfort and society of said husband.

16. As a direct and proximate result of the negligence and wantonness of the Defendant, Plaintiff, Denise Haynes, has suffered damages.

17. The Defendant has acted recklessly and in complete disregard for the health, safety, and welfare of the Plaintiff, Denise Haynes.

18. As a direct and proximate result of said wantonness and recklessness, the Plaintiffs have suffered extensive damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand compensatory and punitive damages against the Defendant in an amount to be determined by the trier-of-fact, including interest, costs, attorney fees, and any such other and further relief this

court deems appropriate.

R. GORDON PATE,
Attorney for the Plaintiff

W. WHITNEY SEALS,
Attorney for the Plaintiff

OF COUNSEL:

PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906

JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY IN THIS CAUSE.

OF COUNSEL

PLEASE SERVE DEFENDANT, VIA CERTIFIED MAIL, TO THE FOLLOWING ADDRESSES:

Ms. Maria Sarsfield
6126 East 110th Avenue
Tampa, FL 33617-3128

Ms. Maria Sarsfield
6126 110th Avenue
Temple Terrance, FL 33617