IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY NORMAN HAYNES and DENISE HAYNES,<br><br>　　Plaintiffs,<br><br>v.<br><br>MARIA SARSFIELD, et al.,<br><br>　　Defendants. | *<br>*<br>*<br>*<br>*  CIVIL ACTION NO. 2:06-cv-519-DRB<br>*<br>*<br>*<br>*<br>* |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P., 26(f), a meeting was held on _____, 2006, and was attended by:

**Attorney for Plaintiff:**  W. Whitney Seals, Esq.
　　　　　　　　　　　　　　Pate & Cochrun,
　　　　　　　　　　　　　　P. O. Box 10448,
　　　　　　　　　　　　　　Birmingham, AL 35202-0448;

**Attorney for Defendant:**  S. Anthony Higgins, Esq.
　　　　　　　　　　　　　　Nix Holtsford Gilliland
　　　　　　　　　　　　　　　　Higgins & Hitson, P.C.,
　　　　　　　　　　　　　　P. O. Box 4128,
　　　　　　　　　　　　　　Montgomery, AL 36103-4128,

The parties do not request a conference with the court before entry of the scheduling order.

1. **Plaintiffs' Contentions:** The Plaintiffs contend that the Defendant negligently operated her vehicle in such a manner that it collided with the Plaintiffs' vehicle. As a result of the Defendant's negligence, the Plaintiffs suffered injuries and damages. The Plaintiffs further contend that the Defendant was under

a duty to drive her vehicle in a safe matter and to follow the Rules of the Road, but breached that duty. That the Defendant acted recklessly and in complete disregard of the health, safety and welfare of the Plaintiffs and as a result of the actions of the Defendant, Plaintiffs have suffered extensive damages. Plaintiffs further contend that the Plaintiff Denise Haynes lost the care, comfort and society of her husband due to the injuries and damages inflicted upon her husband by the Defendant.

2. **Defendant's Contentions:** The Defendant denies that she acted negligently or wantonly with respect to the accident at issue in this case or that any action or inaction on her part caused injuries or damages to the Plaintiffs as alleged in the Complaint. The Defendant also asserts that the actions or inactions of Plaintiff Larry Norman Haynes caused or contributed to the accident at issue in this case. In addition to asserting the defense of contributory negligence, the Defendant also asserts the defenses of assumption of the risk, last clear chance and sudden emergency. In light of the above, the Defendant also denies all liability for the loss of consortium claim asserted by Plaintiff Denise Haynes in this case.

3. This jury action should be ready for trial by **September 2007**, and, at this time, is expected to take approximately 3 trial days.
4. The parties request a pretrial conference in **July 2007**.
5. Discovery Plan. The parties jointly propose to the court the following discovery plan: Discovery will be needed on the allegations of the Complaint as well as affirmative defenses asserted by the Defendant. All discovery commenced in time to be completed by **July 13, 2007**.
6. Initial Disclosures. The parties will exchange by **August 21, 2006**, the information required by Fed.R.Civ.P, 26(a)(1).
7. The parties request until **August 31, 2006**, to join additional parties and amend the pleadings.
8. Reports from retained experts under Rule 26(a)(2) due:
    - Plaintiff(s) by **March 9, 2007**, and deposed by **April 13, 2007**;
    - Defendant(s) by **May 11, 2007**, and deposed by **June 15, 2007**;
9. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due 60 days prior to the trial. The parties have 30 days to depose any witness not previously disclosed. Objections must be filed

within 14 days of receipt of list(s).

10. Discovery Limits.

- Each party is allowed the maximum of fifty (50) interrogatories to any other party with responses due thirty (30) days after service.
- Each party is allowed the maximum of ten (10) depositions. Each deposition limited to maximum of eight (8) hours unless extended by agreement of the parties.
- Each party is allowed the maximum of fifty requests for admission by each party to any other party with responses due thirty (30) days after service.
- Each party is allowed the maximum of fifty requests for production of documents to any other party with responses due thirty (30) days after service.

11. All potentially dispositive motions filed by, June 29, 2007.

12. Settlement cannot be evaluated prior to initial discovery being completed.

13. Other matters: None at this time.

Pursuant to the CM/ECF procedures, the undersigned parties certify that they are in agreement regarding the joint filing of this Report of Parties' Planning Meeting on this the ____ day of

_____, 2006.

                                        /s/W. Whitney Seals
                                        W. WHITNEY SEALS
                                        Attorney for Plaintiff

OF COUNSEL:
**PATE & COCHRUN**
P. O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

                                        /s/ S. Anthony Higgins
                                        S. ANTHONY HIGGINS
                                        Attorney for Defendant

OF COUNSEL:
**NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.**
P. O. Box 4128
Montgomery, Alabama 36103
(334) 215-8585
(334) 215-7101 (facsimile)