IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY NORMAN HAYNES and <br> DENISE HAYNES, <br><br> Plaintiffs, <br><br> v. <br><br> MARIA SARSFIELD, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * CIVIL ACTION NO. 2:06-cv-519-DRB <br> * <br> * <br> * <br> * <br> * |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PROCEDURAL HISTORY**

This case involves a motor vehicle accident which occurred on September 8, 2004, on U.S. Highway 231 in Montgomery County, Alabama. (See Exhibit A, Complaint, ¶5). The Plaintiff, Larry Norman Haynes, was driving northbound on U.S. Highway 231 at or near the intersections of Trotman Road and U.S. Highway 82. *Id.* Maria Sarsfield was driving a tractor-trailer and was exiting a truck-stop adjacent to U.S. Highway 231. As Haynes approached Sarsfield from her left, she began making a right turn from the truck-stop in an attempt to proceed northbound on U.S. Highway 231. In the course of her right-hand turn, the vehicles collided.

This lawsuit was originally filed on April 27, 2006, in the Circuit Court of Montgomery County, Alabama. *Id.* Based on diversity of citizenship, the case was subsequently removed by the Defendant to this Honorable Court. The Complaint filed by the Plaintiffs asserts claims of negligence and wantonness, as well as a claim of loss of consortium on behalf of Denise Haynes, the spouse of Larry Norman Haynes. *Id.*

## **UNDISPUTED MATERIAL FACTS**

This case involves a vehicular collision which occurred on September 8, 2004, in the northbound lanes of U.S. Highway 231 in Montgomery County, Alabama. The accident occurred at approximately 9:25 p.m. on a Wednesday evening. (See Exhibit B, Depo. of L. Haynes, p. 26, l.6-11). At the time of the wreck, Haynes was on his way from his home in Ozark to see his fiancé in Prattville. *Id.* at 27, l. 12-19. The weather was clear and the pavement near the accident scene was dry. *Id.* at 28, l. 12-20.

According to Haynes, he was familiar with the roadway where the accident happened. *Id.* at 30, l. 2-7. In the area where the accident occurred, there is a truck-stop on the right side of the northbound lanes of U. S. Highway 231. According to Haynes, as he approached the truck-stop, he was traveling in the right lane of the two northbound lanes of U. S. 231. *Id.* at 30, l. 15-20. Haynes was using his cruise control and had it set at the posted speed limit of 65 mph. *Id.* at 31, l. 3-9. In describing specifically how the accident occurred, Haynes testified as follows:

"Q.   Tell me how the accident happened.

A.    Well I was in the right lane driving north, and I remember the truck stop there because it was generally usually busy. I remember seeing lots of trucks or parked trucks, some at the pumps, some in the lot. I remember seeing a pair of headlights on the first--as I'm heading north, the first driveway in there. Headlights right there, which I didn't think much about. There were normally lots of headlights there.

And as I came closer to that gas station--I would say about 50 feet--I saw this truck start pulling out. I immediately hit the brakes, started swerving to the left. The truck continued to come out. At that time I was standing on my brakes, and I could feel the car resisting turning left any sharper. If I was going to miss her--I couldn't go right any more, and I remember hearing the

> sound of gravel. Then I hit the grass and then smack. Glass was everywhere. I came to rest in the median in the grass probably a hundred feet.

*Id.* at p. 34-35.

According to Haynes, prior to Sarsfield making her left turn to head north on U. S. 231 (in the same direction of travel as Haynes), she was at a complete stop. *Id.* at 35, l. 21-23; p. 36, l. 15-16.

At the time of the accident, Maria Sarsfield was a self-employed commercial truck driver. (See Exhibit C, Depo. of M. Sarsfield, p. 17, l. 3-10). Prior to the accident, Sarsfield had taken a lengthy break and was leaving the truck-stop to head toward Dallas. *Id.* at 31, l. 20-24; p. 33, l. 3-5.

According to Sarsfield, she did not observe the Haynes vehicle prior to the wreck. *Id.* at 35, l. 3-15. As she further testified, she brought her truck to a stop and was preparing to make a right-hand turn onto the northbound lanes of U. S. 231. In describing the accident, Sarsfield testified as follows:

> "A.  I let off from the brake and the clutch to ease out onto the highway. I made it across the first lane, and I'm into the second lane. There's still nothing coming. I got one foot holding--I'm not on the brake pushing it down, because the clutch will hold the truck slow. I look back to this pothole, and I see this flash, and then I just hit the brake completely, just completely--this completely stopped the truck.
>
> Q.  Okay. I want to go through that just a little bit. How much time in your estimation did it take for the front of her vehicle to get from, I guess, the stopped position there at the--the edge of the road to the point where this impact occurred? What I'm getting at is, is it a relatively slow process getting out into the road? Is it fairly quick?
>
> A.  It's like a turtle.

3

> Q. It's like a turtle. You mentioned that you turned to look back at the pothole immediately before the collision. Where exactly was the pothole?
>
> A. Right at the edge of the road at the truck stop.
>
> Q. All right. Is it fair to say that immediately prior to this collision you weren't looking at the road in front of you or the road towards where you were going but actually behind you at a pothole?
>
> A. I pulled out. I looked to the left. I looked to the left. When I got to the edge of the road by the grass, I went like this to look to make sure I was missing the pothole. When I turned my head back like this, that's when I saw this flash, and I just froze.

*Id.* at 36-37.[1]

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence

---

[1] The "pothole" referenced by Sarsfield refers to a pothole in the parking lot of the truck stop. Sarsfield was attempting to avoid her trailer driving through the pothole in order to prevent the produce she was carrying from tipping or dumping over inside the trailer. *Id.* at p. 49, l. 1-10.

showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 323-23.

Once the moving party has met its burden, Rule 56(e), "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 323. To avoid summary judgment, the nonmoving party 'must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

## **ARGUMENT**

I.     Sarsfield is Entitled to Summary Judgment on the Claim of Wantonness

Wantonness is statutorily defined as "conduct which is carried on with a reckless or conscious disregard fo the rights or safety of others." § 6-11-20(b)(3), *Ala. Code* 1975. Wantonness has been further defined by the Alabama Supreme Court as:

> "the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. "

*Britton v. Doehring*, 242 So. 2d 666 (Ala.1970); *Westbrook v. Gibbs*, 231 So. 2d 97 (Ala.1970); *Tucker v. Cox,* 213 So. 2d 222 (Ala.1968); *Culpepper & Stone Plumbing & Heating Co. v. Turner*, 162 So. 2d 455 (Ala.1964).

The Alabama Supreme Court has often reiterated that while ordinary negligence involves inadvertence, wantonness requires a showing of a conscious or an intentional act. *Scott v. Villegas*, 723 So. 2d 642, 643 (Ala. 1998); *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 915-916 (Ala. 2002).  In the present case, Plaintiffs have asserted a claim of negligence against Sarsfield for her actions in pulling out into the roadway after stopping her truck completely and making a right turn when she thought the roadway was clear. This claim alleges inadvertence or carelessness at worst. However, Plaintiffs have also asserted a wantonness claim based on those same actions.

In *Partridge v. Miller*, 533 So.2d 585 (Ala. 1989), the defendant made a left turn in front of the plaintiff's vehicle.  Neither vehicle was exceeding the posted speed limit. *Id.* The trial court granted a directed verdict for the defendant on the issue of wantonness at the close of the plaintiff's case. *Id.* In affirming the decision of the trial court, the Alabama Supreme Court stated as follows:

> Even [viewing] the evidence most favorably to the [plaintiffs] there is not a scintilla of evidence that [the defendant] 'consciously and intentionally did some wrongful act or omitted some duty which produced injury' to the [plaintiffs]. *McGehee v. Harris*, 416 So.2d 729 (Ala.1982)... The only reasonable inference that can be drawn from the evidence in the present case is that [the defendant] failed to exercise good judgment in executing the turn.  The [plaintiffs] offered evidence that tended to show only negligence on [the defendant's] part, and the question of negligence was properly submitted to the jury for its resolution.  The trial court did not err in directing a verdict for [the defendant] on the issue of wantonness. *Id.* at 587-88.

Similarly, in *George v. Champion Insurance Company*, 591 So.2d 852 (Ala. 1991), the Alabama Supreme Court held that the following circumstances did not constitute wantonness:

> The occupants of the [defendant's] car were engaged in conversation. As the [defendant's] car approached the intersection of the parkway and Golf Road, [the defendant] saw that the traffic light was green. She glanced back in conversation. When she looked forward, the traffic light was red. [A passenger] cried out for her to stop. [The defendant] testified in her deposition that she tried to put her foot on the brake pedal, but missed and hit the clutch pedal. She ran the red light, and her automobile collided with a vehicle that turning left in front of her. *Id*. at 854.

The court held that the facts of this case, when viewed in a light most favorable to the Plaintiff, did not provide substantial evidence of wantonness on the part of the driver of the vehicle. "While the facts show inadvertence on the part of the driver, they do not amount to wantonness, which require some degree of conscious culpability." *Id.*

In *Ex parte Anderson*, 682 So.2d 467 (Ala. 1996), the defendant stopped at an intersection, looked for oncoming traffic, failed to see any traffic, started to make a left turn, and was struck in the passenger side of her vehicle by an oncoming vehicle. The court ruled that this conduct did not constitute wantonness of the driver had looked and simply failed to see the oncoming vehicle. *Id*. at 470. Also, in *Dorman v. Jackson*, 623 So.2d 1056 (Ala. 1993), the driver of the vehicle slowed down when nearing an intersection, failed to see any oncoming vehicles, attempted to make a left turn into the traffic lanes, and was struck by another vehicle. The court found that the plaintiff failed to present substantial evidence of wantonness sufficient to overcome summary judgment. *Id.*

The undisputed facts in this case are that Sarsfield was attempting to make a right-

hand turn on U.S. 231 to enter the northbound lanes. The Plaintiff, Larry Haynes, was proceeding northbound on U.S. 231 and approaching from Sarsfield's left. The accident happened around 9:35 in the evening and it was dark outside. Both vehicles had their lights on. According to Haynes, Sarsfield brought her tractor-trailer to a complete stop at the edge of truck stop before making her turn. As he approached the truck-stop, Sarsfield began making her right-hand turn. While Haynes attempted to avoid the accident by swerving to the right, the front of the Sarsfield tractor-trailer collided with the passenger side of Haynes' vehicle. According to Sarsfield, she did not see Haynes approaching from her left prior to the accident and through that the roadway was clear for her to begin her turn.

    As the cases cited above indicate, a wantonness claim is not appropriate in cases of this nature which involve, at worst, inadvertence or carelessness. This is not a case where Sarsfield ran through a traffic signal or was trying to beat Haynes through an intersection; rather, this is a case where a driver simply did not realize a vehicle was approaching from her left before attempting her right-hand turn. While the facts of this case may support a claim of negligence, there is no evidence that Sarsfield acted with reckless or conscious disregard for the rights or safety of others, including Larry Haynes. Accordingly, Sarsfield is entitled to summary judgment on the wantonness claim asserted against her in this case.

**CONCLUSION**

Based on the foregoing, Maria Sarsfield asserts that she is entitled to summary judgment on the wantonness claim asserted against her by the Plaintiffs in this case. Sarsfield does not seek summary judgment on the negligence claim or the loss of consortium claim. There are no disputed issues of material fact and Sarsfield is entitled to judgment as a matter of law on the claim of wantonness asserted against her in this case.

Respectfully submitted this the 2nd day of May, 2007.

/s/S. Anthony Higgins
S. ANTHONY HIGGINS (HIG014)
Attorney for Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

R. Gordon Pate, Esq.
W. Whitney Seals, Esq.
Pate & Cochran
P. O. Box 10448
Birmingham, AL 35202-0448

/s/S. Anthony Higgins
OF COUNSEL