IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY NORMAN HAYNES, *et. al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-519-MEF |
| | ) | (WO) |
| MARIA SARSFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

# <u>MEMORANDUM OPINION O R D E R</u>

## I.  INTRODUCTION

This lawsuit arises out of a motor vehicle accident in which the Plaintiff Larry Norman Haynes ("Haynes") collided with a tractor-trailer driven by Defendant Maria Sarsfield ("Sarsfield").   Haynes brings claims of negligence and wantonness against Sarsfield.[1]   This cause is before the Court on the Motion for Partial Summary Judgment (Doc. # 10) filed on May 2, 2007 by Defendant Maria Sarsfield ("Sarsfield").  In this motion, to which Haynes did not respond, Sarsfield contends that she is entitled to judgment as a matter of law on the claim of wantonness asserted against her.  For the reasons discussed below, the Motion for Partial Summary Judgment (Doc. # 10) is due to be GRANTED.

## II.  JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity) and 28

---

[1] Haynes's wife, Denise, also brings a claim for loss of consortium.

U.S.C. § 1441(a) (removal jurisdiction).  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

### III.  STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.   An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

2

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson*, 477 U.S. at 255. After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTS AND PROCEDURAL HISTORY

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts:

On September 8, 2004, at around 8 p.m., Larry Norman Haynes ("Haynes") left his home in Ozark, Alabama and headed north on U.S. Highway 231. Haynes planned on rendezvousing with his fiancee in Prattville, Alabama, a destination that split the difference between their respective homes. It was a clear night, the pavement was dry, and only light traffic dotted the northbound lanes of U.S. 231. Haynes set his cruise control for 67 miles per

3

hour.[2]

At approximately 9:25 p.m., as Haynes drove on the rightmost lane he approached a truck-stop located at or near the intersections of Trotman Road and U.S. Highway 82 in Montgomery County, Alabama.  Meanwhile, Sarsfield, an independent tractor-trailer driver who was hauling muscadine grapes from Tampa to Dallas, was preparing to take a right-hand turn onto the northbound lanes of U.S. 231.  Sarsfield made a "dead stop" at truck stop's intersection with the highway and then slowly edged out onto the road.  Unfortunately, she did not see Haynes approach from her left.  Although Sarsfield contends that she had looked to her left, she admits that she averted her focus to a pothole in the road behind her.  Haynes described what follows:

> [A]s I came closer to that gas station -- I would say about 50 feet -- I saw this truck start pulling out.  I immediately hit the brakes, started swerving to the left.  The truck continued to come out.  At that time I was standing on my brakes, and I could feel the car resisting turning left any sharper.  If I was going to miss her -- I couldn't go right any more, and I remember hearing the sound of gravel.  Then I hit the grass and then smack.  Glass was everywhere.  I came to rest in the median in the grass probably a hundred feet.

Doc. 11-2 at 12.  On April 27, 2006, Haynes filed the instant complaint in the Circuit Court of Montgomery County, Alabama, from which court Sarsfield subsequently removed this case.  In addition to a negligence claim, Haynes alleges that Sarsfield acted with wantonness.

---

[2] The posted speed limit was 65 miles per hour, but Haynes set his cruise control for 67 because, on his car, "67 equated to 65 miles an hour exactly." Doc. 11-2 at 11 (Haynes deposition). "I knew that because they set up the mobile radar stations that check your speed, several of those, down in Ozark through that area.  And every time I had set it for 65, I was always slow.  I was always at 63." *Id.*

4

# V. DISCUSSION

Sarsfield moves for summary judgment on Haynes's wantonness claim arguing that he cannot prove the essential elements of the claim. Under Alabama law, to survive summary judgment on the issue of wantonness, a plaintiff must provide substantial evidence creating a genuine issue of material fact that a defendant acted with recklessness or with conscious disregard to the rights or safety of others in his operation of his vehicle. Ala. Code § 6-11-20;[3] *see Monroe v. Brown,* 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) (Thompson, J.) ("Wantonness . . . has been defined by the Supreme Court of Alabama as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.") (internal quotations omitted); *Tolbert v. Tolbert,* 903 So. 2d 103, 115 (Ala. 2004) (affirming summary judgment on a wantonness claim arising from an automobile accident where evidence did not establish "more than a showing of some form of inadvertence on the part of the driver or that it rose to the required showing of some degree of consciousness on the part

---

[3] The statute provides:

> Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with disregard to the plaintiff . . . WANTONNESS. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Ala. Code § 6-11-20(b)(3).

of the defendant that injuries are likely to result from his act or omissions") (citations omitted).

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wantonness, willful, or reckless misconduct is an acting, without knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury . . . . [W]antonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act . . . .

*Tolbert,* 903 So. 2d at 115 (internal quotations and citations omitted). "What constitutes wanton misconduct depends on the facts presented in each particular case." *Id.*

Although this Court must apply the Alabama definition of wantonness,[4] "in diversity cases federal courts apply a federal rather than state test in determining the sufficiency of the evidence to create a jury question . . ." *Salter v. Westra*, 904 F.2d 1517, 1524 (11th Cir. 1990). In the context of summary judgment in the federal arena, the test is whether, in viewing the substantial evidence in the light most favorable to the plaintiff, a genuine issue exists for trial. *Monroe,* 307 F. Supp. 2d at 1271.

To survive summary judgment, Haynes must establish a genuine issue of fact as to whether Sarsfield (1) acted consciously by turning onto the highway without spotting Haynes, and (2) was conscious, based on existing conditions, that injury was a likely or probable result of her actions. *See Monroe*, 307 F. Supp. 2d at 1272. While it remains to be seen if Sarsfield

---

[4]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding when a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits).

was negligent in failing to keep her eyes to the left -- instead of focusing on avoiding driving over the pothole -- the Court finds that "there is a total lack of evidence from which the jury could reasonably infer wantonness." *McDougle v. Shaddrix*, 534 So. 2d 228, 231 (Ala. 1988).

 In viewing the evidence presented in the light most favorable to Haynes, this Court finds that summary judgment is appropriate on Haynes's wantonness claim. Accordingly, the Motion for Partial Summary Judgment is due to be GRANTED.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Sarsfield's Motion for Partial Summary (Doc. # 10) is GRANTED.

(2) To the extent that Count I of Haynes's complaint contains a wantonness claim, that claim is DISMISSED.

DONE this the 21st day of August, 2007.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE