IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY NORMAN HAYNES and DENISE HAYNES, | * * * |
| Plaintiffs, | * |
| | * CIVIL ACTION NO. 2:06-cv-519-DRB |
| v. | * * |
| MARIA SARSFIELD, | * * |
| Defendants. | * |

**SECOND MOTION IN LIMINE OF MARIA SARSFIELD**

COMES NOW the Defendant, Maria Sarsfield, and respectfully moves this Honorable Court to enter an order prohibiting the Plaintiff from introducing any evidence of the prior driving record of Maria Sarsfield. In support of said motion, Sarsfield states as follows:

1. This case involves a vehicular accident between Maria Sarsfield and the Plaintiff, Larry Haynes, which occurred on September 8, 2004, in Montgomery County, Alabama. At the time of the accident, Sarsfield was operating a tractor-trailer as an independent operator. Sarsfield is the only Defendant in this case.

2. Through discovery in this case, Sarsfield has testified and produced a copy of her driving history. It is anticipated that the Plaintiff may seek to introduce evidence of this driving history at the trial of this case.

3. Rule 404, Fed.R.Evid., sets forth the general exclusionary rule applicable to this type of character evidence. Rule 404(a), Fed.R.Evid., states as follows:

> "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action and conformity therewith on a particular occasion...."

Likewise, Rule 404(b) specifically deals with evidence of "other crimes, wrongs or acts." This section states that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person or to show action and conformity therewith." Pursuant to the general exclusionary rule found in the Federal Rules of Evidence, evidence of Maria Sarsfield's prior driving record should not be admissible at the trial of this case.

4. In addition, Rule 402, Fed.R.Evid., provides that while relevant evidence is admissible, evidence which is not relevant is not admissible. "Relevant evidence" is defined at Rule 401, Fed.R.Evid., as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the accident more probable or less probable than it would be without the evidence." Sarsfield asserts that any evidence of her prior driving record is irrelevant to the issues in this case. She is the only Defendant in this case and there are no claims against a third party for negligent entrustment or similar torts which could open the door for the admission of this type of evidence.

5. Finally, Rule 403, Fed.R.Evid., deals with the exclusion of relevant evidence. This rule states, in pertinent part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As argued above, it is Sarsfield's contention that evidence of her driving record is irrelevant as defined by Rule 401 and

applied in Rule 402 of the Federal Rules of Evidence. Likewise, the evidence should be excluded pursuant to Rule 404, Fed.R.Evid. Sarsfield asserts that the admission of evidence of her driving record would be unduly prejudicial and of no probative value to the issues in this case. Accordingly, pursuant to Rule 403, Fed.R.Evid., Sarsfield asserts that the admission of evidence of her prior driving history would be unduly prejudicial and should be excluded by the Court.

WHEREFORE, PREMISES CONSIDERED, Sarsfield respectfully requests this Honorable Court to enter an order prohibiting the Plaintiff from presenting any evidence or making any argument at the trial of this case concerning Sarsfield's prior driving record.

Respectfully submitted this the 6th day of February, 2008.

/s/S. Anthony Higgins
S. ANTHONY HIGGINS (HIG014)
Attorney for Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

R. Gordon Pate, Esq.
W. Whitney Seals, Esq.
Pate & Cochran
P. O. Box 10448
Birmingham, AL 35202-0448

William C. Carn, III, Esq.
Lee & McInish, P.C.
P. O. Box 1665
Dothan, AL 36302

Ray T. Kennington, Esq.
P. O. Box 275
Ozark, AL 36361

Bryan Blackwell, Esq.
306 N. Foster Street
Dothan, AL 36303

                                            /s/S. Anthony Higgins
                                            OF COUNSEL