IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY NORMAN HAYNES and DENISE HAYNES, | * * * |
| Plaintiffs, | * |
| | * CIVIL ACTION NO. 2:06-cv-519-DRB |
| v. | * * |
| MARIA SARSFIELD, et al., | * * |
| Defendants. | * |

**THIRD MOTION IN LIMINE OF MARIA SARSFIELD**

COMES NOW the Defendant, Maria Sarsfield, and moves this Honorable Court to enter an order limiting the admissibility of certain medical records in this case. In support of said motion, Sarsfield states as follows:

1. The Plaintiff has designated as exhibits various medical records and bills from medical providers who allegedly rendered medical treatment to the Plaintiff in this case. While certain medical records and bills have been properly authenticated through deposition testimony, many of the Plaintiff's medical bills have not been properly authenticated. Any mention or evidence of medical treatment or bills not authenticated and supported by expert testimony as to the reasonableness and necessity of the treatment is not admissible at the trial of this case. "Clearly, one cannot recover from loss of use without proof of the reasonableness and necessity of the claimed damages." *Herrick v. Daniel*, 449 So.2d 1247 (Ala.Civ.App. 1984). "Neither the reasonableness nor the amount of damages may rest upon speculation." *Crommelin v. Montgomery Independent Telecasters, Inc.*, 280 Ala. 390, 194 So.2d 549 (1967). "Proof of an amount expended for medical

treatment must include the elements of reasonableness of the charge for the services and the necessity of the treatment. *Sweet v. Foust*, 419 So.2d 260 (Ala.Civ.App. 1982).

    2. Besides proving that his medical expenses are reasonable and necessary, the Plaintiff must also prove that his medical condition was caused by the accident and prove that any medical treatment that she received was related to the accident. The Plaintiff should not be compensated for medical expenses simply because they were incurred. *Sizemore v. Patell*, 702 So.2d 172 (Ala.Civ.App. 1997); *Bennich v. Kroger Co.*, 686 So.2d 1256 (Ala.Civ.App. 1996). Before a jury is allowed to award the Plaintiff compensation for his alleged injuries, he must present evidence that goes beyond a showing that a certain medical condition might have been caused by the accident. *Smith v. Blankenship*, 440 So.2d 1063 (Ala. 1983). The Plaintiff must prove a probability of causation; a possibility of causation is not sufficient. *Clements v. Colonial Baking Co.*, 547 So.2d 858 (Ala. 1989); *Armour v. Carfledge*, 176 So.2d 334 (Ala. 1937).

    3. Based on the foregoing, Sarsfield objects to the admission of any non-authenticated medical records designated by the Plaintiff in this case.

    WHEREFORE, PREMISES CONSIDERED, Sarsfield respectfully requests this Honorable Court to enter an Order limiting the admissibility of medical expenses that do not satisfy the evidentiary requirements set forth above.

    Respectfully submitted this the 6th day of February, 2008.

                                                /s/S. Anthony Higgins
                                                S. ANTHONY HIGGINS (HIG014)
                                                Attorney for Defendant

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

     I hereby certify that on the 6th day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

R. Gordon Pate, Esq.
W. Whitney Seals, Esq.
Pate & Cochran
P. O. Box 10448
Birmingham, AL 35202-0448

William C. Carn, III, Esq.
Lee & McInish, P.C.
P. O. Box 1665
Dothan, AL 36302

Ray T. Kennington, Esq.
P. O. Box 275
Ozark, AL 36361

Bryan Blackwell, Esq.
306 N. Foster Street
Dothan, AL 36303

                                                  /s/S. Anthony Higgins
                                                  OF COUNSEL