

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                                                                  CHAPTER 7
Larry Norman Haynes                                                       Case No.: 05-11083
    Debtor.

## MOTION FOR APPROVAL OF COMPROMISE SETTLEMENT

PURSUANT TO LRB 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 20 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE MOVING PARTY. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK OF THE BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, ALABAMA 36104.

Pursuant to 11 U.S.C. §105 and Rule 9019(a), *Fed. R. Bk. P.,* William C. Carn, III, the Trustee in the above-styled case (the "Trustee"), moves the Court for an order approving the compromise and settlement by the Trustee of certain claims affecting the debtor and comprising an asset of the Bankruptcy Estate as more specifically described below. In support of this motion, the Trustee respectfully shows unto the Court as follows:

### TERMS OF SETTLEMENT AGREEMENT

    1. **The Asset:** the asset is a pre-petition personal injury lawsuit arising as a result of a motor vehicle accident in which debtor was injured. The lawsuit is styled as follows: Larry Norman Haynes v. Maria Sarsfield, Civil Action No.206-cv-519-DRB, United States District Court, Middle District of Alabama. The suit is currently set for trial during Judge Fuller's March 3, 2008 civil jury term.

    2. **The Settlement:** the total amount of the settlement proposed is $90,000.00, with all costs borne as incurred. Defendant is to receive a full and final release of all claims and a dismissal of the pending civil action with prejudice.

    3. **Justification for Settlement:** this is a personal injury action in which the jury will be at liberty to award those damages typically available in a tort claim. It is not believed that there is any basis upon which punitive damages will be awarded by the jury. Counsel has advised the debtor and the Trustee that in his opinion the case could reasonably have

a value of $125,000.00 to $150,000.00. Defense counsel obviously sees matters differently, and has filed an offer of judgment in the amount of $90,000.00. Counsel and trustee recognize that if the case is tried and a verdict is not returned in excess of $90,000.00, then the Bankruptcy Estate is responsible for recoverable costs and expenses. Counsel and Trustee also recognize that the evaluation of a personal injury case is highly subjective and highly speculative. The proposed settlement will pay a 100% dividend plus interest to creditors, and after expenses, should still result in a surplus payable to debtor. Trustee accordingly believes this settlement to be in the best interests of the Bankruptcy Estate.

  4. **Special Litigation Expense**: this Court previously entered an order approving special litigation expenses allowing counsel to provide protection letters to medical providers, which will be reimbursed from this settlement.

/s/ William C. Carn, III
William C. Carn, III
Trustee in Bankruptcy for Larry N. Haynes
Chapter 7 Case Number 05-11083

Lee & McInish, P.C.
P.O. Box 1665
Dothan, AL 36302
(334) 792-4156
Fax: (334) 794-8342
wcarn@leeandmcinish.com

Certificate of Service

I hereby certify that a copy of the foregoing pleading has been served on the U.S. Bankruptcy Administrator, debtor's attorney and all creditors listed on debtor's matrix by placing a copy of the same in the U.S. mail, postage affixed, or by electronic notification on this 18th day of February, 2008.

/s/ William C. Carn, III
William C. Carn, III